UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOUIS GRAYSON,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN FRED FIGUEROA,<br><br>    Respondent. | No. CV 16-1504 CAS (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

  On July 11, 2016, Petitioner Robert Louis Grayson ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The Petition challenges Petitioner's conviction and sentence for a 2012 conviction for burglary. (Pet. at 2.)[1]

**1. LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

  The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness

---

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket.

1

provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If a petitioner's conviction is affirmed by an intermediate appellate court and he does not appeal that decision to the state's highest court, his conviction becomes final for the purposes of section 2244(d)(1)(A) when the period for seeking review from the state's highest court expires. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). In California, a petitioner's period for seeking review from the California Supreme Court expires forty days after the Court of Appeal decision is filed. *See* Cal.R. Ct. 8.264(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").

The California Court of Appeal decision affirming Petitioner's conviction was filed on June 21, 2013.[2] Petitioner admits that he did not file a petition for direct review with the California Supreme Court. (Pet. at 3.) Official California court records confirm Petitioner's admission. Thus, for the purposes of section 2244(d)(1)(A), Petitioner's conviction became final forty days after June 21,

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

2

2013, the day Petitioner's conviction was affirmed by the California Court of Appeal. *See Wixom*, 264 F.3d at 897; Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). Accordingly, the one-year limitations period expired on July 31, 2014. *See Patterson*, 251 F.3d at 1245–47. Because Petitioner did not initiate the current proceedings until July 11, 2016, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

**2.     STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, a petitioner is not entitled to statutory tolling if he filed his initial state habeas petition after the one-year federal limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner states that he did not initiate any state habeas proceedings until sometime in January 2016 (Pet. at 3–4), more than a year after the federal one-year limitations period had expired. Because § 2244(d) "does not permit the reinitiation of the limitations period," Petitioner is not entitled to statutory tolling in this case. *See Ferguson*, 321 F.3d at 823.

**3.     EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if a petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate in this instance. Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that he is entitled to equitable tolling.

**4.  ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date. Therefore, and because the Petition does not demonstrate any basis for tolling the statute, the Court orders Petitioner to show cause in writing within fifteen (15) days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

DATED: July 18, 2016

                                        /S/ FREDERICK F. MUMM
                                        FREDERICK F. MUMM
                                        United States Magistrate Judge